RECEIVED
MAY 29 2026
FILED
INITIAL

TABLE OF CONTENTS

I. APPELLANT DAEKUN CHO'S MOTION FOR LEAVE TO PROCEED PRO SE AND FOR RELIEF/SUBSTITUTION OF APPELLATE COUNSEL, OR ALTERNATIVELY FOR LIMITED LEAVE TO SUBMIT SUPPLEMENTAL PRO SE FILINGS (PAGE 2-5)

II. PETITION FOR PANEL REHEARING AND REHEARING EN BANC (PAGE 6-12)

III. APPELLANT DAEKUN CHO'S MOTION FOR LEAVE TO FILE LIMITED SUPPLEMENTAL PRO SE BRIEF CONCERNING ADDITIONAL CONSTITUTION-AL AND APPELLATE ISSUES IMPLICATED BY THE MEMORANDUM DISPOSITION (PAGE 13-17)

Daekun Cho
Fed. Reg. No. 49441-510
FCI Herlong
Federal Correctional Institution
P.O. BOX 800
Herlong, CA 96113

*Pro Se*

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**United States of America,**
Plaintiff-Appellee,

v.

**Daekun Cho,**
Defendant-Appellant.

No. 24-5185

D.C. No. 2:23-cr-00149-FLA-1

**APPELLANT DAEKUN CHO'S MOTION FOR LEAVE TO PROCEED PRO SE AND FOR RELIEF/SUBSTITUTION OF APPELLATE COUNSEL, OR ALTERNATIVELY FOR LIMITED LEAVE TO SUBMIT SUPPLEMENTAL PRO SE FILINGS**

10 May 2026

TO THE HONORABLE COURT:

Appellant Daekun Cho respectfully moves this Court for leave to proceed pro se in the above-captioned matter and for relief/substitution of present appellate counsel for purposes of rehearing-related proceedings and associated preservation filings. Alternatively, Appellant respectfully requests limited leave to submit supplemental pro se filings concerning rehearing and preservation issues while present counsel remains counsel of record.

This motion is made in good faith and for the limited purpose of ensuring orderly preservation and presentation of substantial constitutional and appellate issues before issuance of mandate and expiration of rehearing-related deadlines.

# I. INTRODUCTION

On April 15, 2026, this Court issued a memorandum disposition affirming Appellant's convictions and sentence. See *United States v. Cho*, No. 24-5185 (9th Cir. Apr. 15, 2026). Rehearing-related deadlines are presently active.

Appellant respectfully seeks leave to proceed pro se because he wishes to preserve and present additional constitutional and appellate issues beyond those fully developed in the present appellate posture. These issues concern, among other things, count-specific harmless-error analysis, evidentiary spillover prejudice, identification reliability concerns relating to Count 57, cumulative-error considerations, and associated preservation matters implicated by the Court's memorandum disposition.

This request is not made for purposes of delay, disruption, or disparagement of existing counsel. Rather, Appellant seeks orderly preservation and presentation of additional issues before mandate-related procedures conclude.

# II. PROCEDURAL BACKGROUND

Following jury trial in the United States District Court for the Central District of California, Appellant was convicted on fifty-seven counts, including extortion-related counts and Count 57 alleging aiding and abetting carjacking. Judgment was entered on August 21, 2024.

Appellant pursued direct appeal before this Court through appointed appellate counsel. Oral argument occurred on March 3, 2026. On April 15, 2026, this Court issued a memorandum disposition affirming the judgment.

The memorandum disposition addressed several evidentiary and sentencing issues, including harmless-error analysis associated with gang-affiliation and uncharged shooting evidence, exclusion of Exhibit 202, and application of the vulnerable-victim sentencing enhancement.

Rehearing deadlines are presently pending.

# III. BASIS FOR REQUESTED RELIEF

A. Appellant Seeks To Preserve And Present Additional Constitutional And Appellate Issues Before Mandate

> Appellant respectfully seeks leave to proceed pro se because he wishes to preserve and present additional constitutional and appellate issues that were not fully developed in the present appellate posture.

Without attempting to fully brief those issues in this procedural motion, Appellant respectfully notes that the issues he seeks to preserve and present include, inter alia:

(1) whether the memorandum disposition's harmless-error analysis improperly relied upon aggregate evidentiary sufficiency across unrelated counts rather than conducting a count-specific inquiry concerning Count 57;

(2) whether extensive gang-affiliation, shooting, and inflammatory character evidence materially affected the jury's evaluation of the disputed identification underlying Count 57;

(3) whether the identification procedures and evidentiary presentation associated with Count 57 raised substantial reliability and due-process concerns warranting further appellate presentation;

(4) whether the combined effect of multiple evidentiary and procedural rulings deprived Appellant of a fair adjudication on Count 57; and

(5) additional constitutional, evidentiary, and sentencing issues requiring preservation for orderly further review proceedings if necessary.

Appellant respectfully submits that these issues warrant preservation and presentation before issuance of mandate.

B. Limited Pro Se Relief Is Necessary To Ensure Orderly Preservation Before Expiration Of Rehearing Deadlines

Appellant seeks this relief because rehearing-related deadlines are presently active and because Appellant understands that present appellate counsel does not intend to pursue rehearing proceedings.

Absent leave to proceed pro se, Appellant faces substantial risk that additional preservation issues may not be timely presented before mandate-related procedures conclude.

Appellant respectfully submits that orderly presentation of these issues now may assist judicial economy, clarify preservation questions, and narrow future disputes concerning exhaustion and procedural presentation.

Appellant further represents that he is prepared to comply fully with the Federal Rules of Appellate Procedure, Ninth Circuit Rules, and all applicable filing requirements.

C. This Request Is Not Intended To Disparage Existing Counsel

Appellant respectfully acknowledges the work performed by present appellate counsel during the direct appeal proceedings.

This motion is not intended to disparage counsel or to relitigate prior strategic decisions. Rather, Appellant seeks limited relief necessary to preserve and present additional issues beyond those advanced in the existing appellate posture before rehearing-related deadlines expire.

## IV. ALTERNATIVE REQUEST FOR LIMITED LEAVE TO SUBMIT SUPPLEMENTAL PRO SE FILINGS

If the Court declines to permit full pro se substitution at the present time, Appellant alternatively requests limited leave to submit supplemental pro se filings concerning rehearing, preservation, and associated constitutional issues while present counsel remains counsel of record.

Appellant respectfully submits that such alternative relief would permit orderly preservation of additional issues without materially disrupting appellate administration.

## V. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court:

(1) grant leave for Appellant to proceed pro se;

(2) relieve or substitute present appellate counsel for purposes of further rehearing-related proceedings;

or alternatively,

(3) grant Appellant limited leave to submit supplemental pro se filings concerning rehearing and preservation matters.

Dated: 10 May 2026

Respectfully submitted,
from FCI Herlong, California

/s/ Daekun Cho

Daekun Cho
Defendant-Appellant, Pro Se