**NOT FOR PUBLICATION**

FILED

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>DAEKUN CHO, AKA DK,<br><br>Defendant - Appellant. | No. 24-5185<br><br>D.C. No.<br>2:23-cr-00149-FLA-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Argued and Submitted March 3, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.[**]

Daekun Cho appeals his convictions for extortion and attempted extortion under 18 U.S.C. § 1951(a) and aiding and abetting carjacking under 18 U.S.C. §§ 2(a) and 2119(2). Cho also appeals his sentencing enhancement under United

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

States Sentencing Guidelines Manual (U.S.S.G.) § 3A1.1(b). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's decision to exclude evidence for abuse of discretion, *United States v. Smith*, 735 F.2d 1196, 1198 (9th Cir. 1984), and a district court's findings of fact for clear error. *See United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam). "A non-constitutional error requires reversal unless there is a fair assurance of harmlessness, or stated another way, unless it is more probable than not that the error did not materially affect the verdict." *United States v. Lopez*, 913 F.3d 807, 825 (9th Cir. 2019) (citation modified).

1. Assuming the district court improperly admitted the uncharged shooting and gang affiliation evidence, any error is harmless given the overwhelming evidence of Cho's guilt. *See United States v. Smith*, 638 F.2d 131, 134 (9th Cir. 1981). Multiple victims testified that they paid Cho out of fear, that Cho threatened or attacked them when they failed to pay, and that Cho participated in the charged carjacking.

Cho argues that the "quality" of the victim witnesses' testimony was low because the government offered the witnesses immigration assistance. Yet Cho does not show that any witness testimony was tainted by such assistance, if any.

Cho also argues that Yun Soo Shin's testimony that one of the two masked assailants who beat him was Cho is improbable and inconsistent with statements he made to a police officer. With respect to improbability, Cho argues that Shin only testified that he recognized Cho's eyes during the attack. However, Shin also testified that he recognized Cho by his voice, a fact Cho does not challenge despite Appellee's reliance on this fact. Cho has therefore forfeited his argument with respect to improbability. *See Maciel v. Cate*, 731 F.3d 928, 932 n.4 (9th Cir. 2013).

As to inconsistency, a police officer—testifying based on her review of a police report prepared by her partner rather than her own recollection—stated that Shin described his assailants as two Black men. However, a doctor who treated Shin at the hospital testified that Shin had been given the "strongest pain medication we can give" at the "highest dose that we give" because Shin reported his pain was "10 out of 10," which suggests that the medication could have affected Shin's statements to the police officer.

In any event, Shin's business partner testified that, shortly after the attack and before Shin was hospitalized, Shin was "repeatedly saying, . . . It was [Cho]." Shin's partner also testified that, during Shin's beating, he heard Shin repeatedly yelling, "I will pay you." It is undisputed that Shin had stopped paying Cho several weeks prior to the attack. In light of the evidence indicating that Cho was

one of Shin's assailants, it is not more probable than not that the jury would have reached a different verdict absent the evidence of the uncharged shooting and Cho's gang affiliation. *See Smith*, 638 F.2d at 134.

2. Cho does not challenge the district court's rulings sustaining the government's relevancy objections regarding his questioning of Jun Hun Lee. Cho has therefore forfeited such a challenge. *See United States v. Perez-Silvan*, 861 F.3d 935, 938 (9th Cir. 2017).

The district court abused its discretion in excluding Cho's statements in the group chat, Exhibit 202, as hearsay. Unlike the statements at issue in *United States v. Ortega*, 203 F.3d 675, 681–83 (9th Cir. 2000), Cho's messages, such as "What company she works for?" and "Let me know asap. It's urgent.", do not assert exculpatory facts offered for their truth. Instead, they constitute operational communications probative of an ongoing information-sharing relationship with drivers. To the extent they were offered to show the nature of that relationship or that such communications occurred, they fall outside the definition of hearsay under Federal Rule of Evidence 801(c). Nevertheless, the error was harmless. The jury was aware that Cho communicated with drivers through the group chat, and the redacted exhibit conveyed the overall structure and context of those exchanges. Because the excluded statements were largely cumulative of other evidence, their

omission did not materially affect the verdict. *United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). Accordingly, the error does not warrant reversal.

3. The district court did not clearly err in finding Cho's victims unusually vulnerable under U.S.S.G. § 3A1.1(b). The district court reasonably found that the victims were unusually vulnerable given their immigration status, language barriers, lack of familiarity with of the American legal system, and cultural factors that made them less likely to seek protection. *See United States v. Mendoza*, 262 F.3d 957, 960–61 (9th Cir. 2001). These factors were not incorporated in the offense guideline, *see* U.S. SENT'G GUIDELINES MANUAL § 3A1.1 cmt. n.2, and the record supports the conclusion that Cho "knew or should have known that individuals with [his victims'] backgrounds were more likely than others to succumb to [extortion] and were particularly susceptible to [extortion]." *See United States v. Peters*, 962 F.2d 1410, 1418 (9th Cir. 1992).

**AFFIRMED.**